**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4528**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

MARGARITO MARTINEZ-HERNANDEZ, a/k/a Carlanga,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (2:15-cr-00006-JPJ-PMS-1)

Submitted: March 31, 2016          Decided: April 7, 2016

Before MOTZ, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. John P. Fishwick, Jr., United States Attorney, C. Patrick Hogeboom, III, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margarito Martinez-Hernandez appeals from his 54-month sentence entered pursuant to his guilty plea to illegal reentry by a felon. He claims on appeal that his sentence, which was within the Sentencing Guidelines range, is substantively unreasonable. We affirm.

Martinez-Hernandez contends that his sentence is unreasonably long given his criminal history and the fact that the fast track program is not available in the Western District of Virginia. Substantive reasonableness is determined by considering the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We presume that a sentence imposed within the properly calculated Guidelines range is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). This presumption can only be rebutted if the defendant can demonstrate that the sentence was unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

We find that Martinez-Hernandez has failed to rebut the presumed substantive reasonableness of his sentence. The district court assessed the totality of the circumstances, including the applicable § 3553(a) factors, and explicitly considered and rejected counsel's arguments for a downward

variance. In rejecting this request, the court considered Martinez-Hernandez's criminal history, his rapid reentry into the United States, and the need for deterrence. In addition, we have rejected Martinez-Hernandez's fast track argument. See United States v. Perez-Pena, 453 F.3d 236, 243 (4th Cir. 2006) (determining that the lack of fast track programs in some districts, and the availability in others, did not cause an unwarranted sentencing disparity that would justify a variance from an advisory Guidelines range). In any event, the district court considered whether such a variance was warranted in this case and determined that it was not.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED